QUINN EMANUEL URQUHART
& SULLIVAN, LLP
  Terry L. Wit (Bar No. 233473)
  terrywit@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:  (415) 875-6331
Facsimile:   (415) 875-6700

  Karen Bobrow (Bar No. 280367)
  karenbobrow@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

*Attorneys for Vistra Group Holdings (BVI) Limited, Vistra Group Holdings (BVI) I Limited, and Indervir Basra*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EAST WEST BANK, EAST WEST BANCORP, INC., PROGRESSIVE CASUALTY INSURANCE COMPANY, GEICO CORPORATION, THE SHERWIN-WILLIAMS COMPANY, PEOPLE'S UNITED FINANCIAL, INC., ADHI-SOLAR LLC, DV VNB COMMUNITY RENEWABLES FUND LLC, DV VNB COMMUNITY RENEWABLES FUND III LLC, PARDEE SOLAR 1 LLC,<br><br>                Plaintiffs,<br>    v.<br>VISTRA GROUP HOLDINGS (BVI) LIMITED, VISTRA GROUP HOLDINGS (BVI) I LIMITED, INDERVIR BASRA, JOHN DOES 1-10, inclusive,<br><br>                Defendants. | Case No.: 2:22-cv-01670<br><br>NOTICE OF REMOVAL |

Defendants Vistra Group Holdings (BVI) Limited and Vistra Group Holdings (BVI) I Limited (together, the "Vistra BVI Defendants") by their undersigned attorneys, hereby give notice of removal of this action, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, to the United States District Court for the Central District of California.

Because there is complete diversity among the Plaintiffs and the properly joined Defendants, and because the amount in controversy exceeds the sum of $75,000, this Court has subject matter jurisdiction.  Other requirements for removal having been met – including timeliness and notice – the Vistra BVI Defendants respectfully remove this action from the Superior Court of California, County of Los Angeles, bearing number 21STCV46162, to this Court.

## I. BACKGROUND

1. This case is one of several lawsuits filed by Plaintiffs and/or related entities in courts across the country, alleging harm resulting from a Ponzi scheme perpetrated by Jeff and Paulette Carpoff, owners of DC Solar Solutions, Inc. and DC Solar Distribution, Inc., among other affiliated entities (together, "DC Solar"), whereby investors, such as Plaintiffs, were allegedly defrauded into investing millions of dollars based on promises of federal solar tax credits, lease payments, and profits from mobile solar generators. *See, e.g.,* Compl. ¶¶ 23-26; *see also Solar Eclipse Investment Fund III, LLC, et al. v. CohnReznick LLP, et al.* (Los Angeles Superior Court Case No. 19STCV45775); *Neil Luria as Receiver for Solar Eclipse Investment Fund IV, LLC, et al. v. CohnReznick LLP, et al.* (Eleventh Judicial Circuit Court for Miami-Dade County Case No. 2020-027111-CA-01 (46)); *Solarmore Management Services, Inc. v. Jeff Carpoff, et al.* (Eastern District of California Case No. 2:19-cv-02544-JAM-DB).  Once the Ponzi scheme was exposed following an FBI raid on December 18, 2018, the investors and their related investment funds began to seek legal recourse against various law firms, accounting firms,

underwriters, appraisers, and other entities and individuals that allegedly provided services to DC Solar or had dealings therewith.

    2.    This removed case is a civil action filed on December 17, 2021 by eleven corporate plaintiffs, only one of which is alleged to be a California citizen: East West Bank.[1] Compl. ¶ 6. The Complaint names three defendants, and also includes Does 1-10. The named defendants include two foreign entities, citizens of the British Virgin Islands: Vistra Group Holdings (BVI) Limited and Vistra Group Holdings (BVI) I Limited (*i.e.*, the Vistra BVI Defendants).[2] Compl. ¶¶ 17-18. The Complaint asserts four causes of action against the Vistra BVI Defendants: aiding and abetting fraud (Count I), fraudulent misrepresentation (Count II), fraudulent concealment

---

[1] The other Plaintiffs are: East West Bancorp, Inc., a Delaware corporation located in Pasadena, California; Progressive Casualty Insurance Company, incorporated and located in Ohio; GEICO Corporation, a Delaware corporation located in Maryland with offices in Los Angeles, California; The Sherwin-Williams Company, incorporated and located in Ohio with offices in Los Angeles, California; People's United Financial, Inc., incorporated and located in Connecticut; People's United Bank, N.A., a Federally-chartered bank located in Connecticut; ADHI-Solar, LLC, a Delaware limited liability company located in Pennsylvania; Pardee Solar 1 LLC, Delaware limited liability company located in Pennsylvania; DV VNB Community Renewables Fund LLC, a Delaware limited liability company located in Arizona; and DV VNB Community Renewables Fund III LLC, a Delaware limited liability company located in Arizona. Compl. ¶¶ 6-15.

[2] The Vistra BVI Defendants are not California residents, do no business in California, and thus are not subject to personal jurisdiction in California. Nothing in this Removal should be construed as addressing the merits of this lawsuit as to the Vistra BVI Defendants, or otherwise as waiving the Vistra BVI Defendants' objection to personal jurisdiction. *See Arizona v. Manypenny,* 451 U.S. 232, 242 n.17 (1981) ("[I]f the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal . . . ."); *see also Dominick's Finer Foods v. Nat. Const. Servs. Inc.,* No. CV1000836SVW(PWJX), 2010 WL 891321, at *4 (C.D. Cal. Mar. 9, 2010) (appropriate for courts to consider removal before personal jurisdiction challenges).

(Count III), and negligent misrepresentation (Count IV).[3]  The Complaint also names an individual defendant, Indervir Basra, who is alleged to be a citizen of California, and asserts a single cause of action against Mr. Basra for negligent misrepresentation (Count IV).  Compl. ¶ 19.

3. Prior to the Vistra BVI Defendants' filing of the instant notice of removal, this removed action was deemed related to one of Plaintiffs' pre-existing cases – *Solar Eclipse Investment Fund III, LLC, et al. v. CohnReznick LLP, et al.* (Los Angeles Superior Court Case No. Case No. 19STCV45775) (the "Original Action").  Declaration of Terry L. Wit in Support of Notice of Removal ("Wit Decl.") Ex. 12 (Minute Order relating cases).[4]  The Original Action was first filed on December 17, 2019, and three amended complaints have been filed since, with the Third Amended Complaint filed on August 23, 2021.  Wit Decl. Ex. 16 (Third Amended Complaint).  In the Original Action, Plaintiffs assert many of the same factual allegations and causes of action as alleged here.  *Id.*  Plaintiffs, however, did not name the Vistra BVI Defendants, but rather a US-based indirect subsidiary of the Vistra BVI Defendants, Vistra International Expansion (USA) Inc. ("Vistra USA"), as a defendant in the Original Action.

4. Mr. Basra has not, until now, been named as a defendant in any of Plaintiffs' other actions.  For the reasons set forth below, Mr. Basra's citizenship may

---

[3] In addition to the Vistra BVI Defendants' reservation of rights to challenge personal jurisdiction, the Vistra BVI Defendants expressly reserve the right to move to dismiss of some or all of Plaintiffs' claims pursuant to Rule 12 of the Federal Rules of Civil Procedure.

[4] Federal courts may properly take judicial notice of state and federal court records.  *See Harris v. Cty. of Orange,* 682 F.3d 1126, 1131-32 (9th Cir. 2012); *see also South Bay Property Management Inc. v. Donahue*, No. CV2002500JAKRAOX, 2020 WL 1444943, at *1 (C.D. Cal. Mar. 24, 2020) (taking judicial notice of state court records in connection with notice of removal).

be disregarded for the purpose of establishing removal jurisdiction here, because the only claim asserted against him is barred by the statute of limitations.

5. As noted above, because there is complete diversity among the Plaintiffs and the *properly* joined Defendants, and because the amount in controversy exceeds the sum of $75,000, this Court has subject matter jurisdiction. Other requirements for removal having been met – including timeliness and notice – the Vistra BVI Defendants respectfully remove this action from the Superior Court of California, County of Los Angeles, bearing number 21STCV46162, to this Court.

## II.    THE COURT HAS DIVERSITY JURISDICTION

6. The Court has subject-matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1332 and 1441 because this is a civil action between citizens of different States in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest. The complete diversity requirement is satisfied but for Plaintiffs' fraudulent joinder of Mr. Basra.

### A.    Diversity Jurisdiction Exists Between The Properly-Joined Parties

7. Plaintiffs have citizenship in various states. The only Plaintiff alleged to be a California citizen is East West Bank, which is a California state-chartered banking corporation. Compl. ¶ 6.

8. The Vistra BVI Defendants are companies organized under the laws of the British Virgin Islands, which is also their principal place of business. Declaration of John McLean in Support of Notice of Removal ("McLean Decl.") at ¶ 2. Although the Complaint alleges that the Vistra BVI Defendants have offices in San Francisco, California (Compl. ¶¶ 17-18), that is not the case. At one time *Vistra USA* – an indirect subsidiary of the Vistra BVI Defendants that is not a party to this action – had an office in San Francisco, but that office closed in May 2021. Declaration of Lisa Haines in Support of Notice of Removal ("Haines Decl.") at ¶¶ 2-4. Neither of the Vistra BVI Defendants has ever had an office in California. McLean Decl. at ¶ 2; Haines Decl. at ¶ 4. Thus, for jurisdictional purposes, the Vistra BVI Defendants are

now, and were at the time Plaintiffs commenced this action, citizens of the British Virgin Islands.  28 U.S.C. § 1332(c).

9. Mr. Basra is a citizen of California.  Compl. ¶ 19.

10. Upon information and belief, none of the Doe defendants have been substituted with any named defendants or been served with process in the state court action.  For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. §1441(a); *Soliman v. Phillip Morris* Inc., 311 F.3d 966, 971 (9th Cir. 2002); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).  The citizenship of Does 1-10 accordingly should be disregarded for purposes of diversity.

11. The sole barrier to complete diversity is the California citizenship of Mr. Basra, which may be disregarded due to fraudulent joinder, for the reasons set forth in Section II.C. below.  Thus, for the purpose of removal jurisdiction, none of the properly joined defendants are citizens of the state in which this removed action is pending.

**B.     The Amount In Controversy Is Satisfied**

12. It is apparent from the face of the Complaint that the amount in controversy exceeds $75,000, which "presumptively satisfie[s]" the threshold to invoke diversity jurisdiction. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).  Indeed, even if the amount in controversy were unclear or ambiguous, the Vistra BVI Defendants need only show that it "more likely than not" exceeds the jurisdictional minimum of $75,000. *Id.*  When a defendant seeks to remove an action to federal court on grounds of diversity jurisdiction, "the defendant's amount-in-controversy allegation should be accepted [as true] when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 547 U.S. 81, 87 (2014); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) ("[A]ssumptions made part of the

defendant's chain of reasoning need not be proven; they instead must only have 'some reasonable ground underlying them.'").

13. A plaintiff's complaint is a court's "first source of reference in determining the amount in controversy[.]" *LaCrosse v. Knight Truck & Trailer Sales, LLC*, 775 F.3d 1200, 1202 (9th Cir. 2015) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). Here, Plaintiffs allege investments totaling $700 million in reliance on Defendants' alleged misrepresentations:

> In reliance on Radius USA's/VISTRA USA's negligent misrepresentation that DC Solar's and the Funds' financial statements were fairly stated, Plaintiffs invested $700 million in Funds and Funds purchased MSGs allegedly worth more than $2 billion. Had Montage/Radius USA/VISTRA USA not been grossly negligent, Plaintiffs would never have invested and would have avoided their losses.

Compl. ¶ 190; *see also* Compl. ¶ 193 (same investments made "[i]n reliance on Defendants' fraudulent misrepresentation…").

14. Plaintiffs further allege losses over $1 billion. Compl. ¶ 4 ("The grossly negligent audits and audit reports of Defendants or entities they controlled were used to solicit Plaintiffs and were a substantial cause in Plaintiffs losing over $1 billion."). Accordingly, it is evident from the face of the Complaint that the amount in controversy exceeds $75,000.

### C. Mr. Basra Is A Fraudulently Joined Party Whose Presence Does Not Defeat Diversity

15. Plaintiffs have named Mr. Basra, the only non-diverse defendant, in an attempt to destroy diversity of citizenship. Because Plaintiffs' sole claim against Mr. Basra is time-barred, he is fraudulently joined and his presence in the case does not defeat diversity jurisdiction. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318

(9th Cir. 1998) ("It is a commonplace that fraudulently joined defendants will not defeat removal on diversity grounds."); *McCabe*, 811 F.2d at 1339.

16. The doctrine of fraudulent joinder prevents plaintiffs from defeating federal diversity jurisdiction simply by naming non-diverse and in-forum defendants. As the Ninth Circuit has explained, "[f]raudulent joinder is a term of art." *McCabe*, 811 F.2d at 1339. A defendant is fraudulently joined and its presence in the lawsuit is ignored for purposes of determining diversity where no viable cause of action has been stated against the resident defendant and the "failure is obvious according to the settled rules of the state." *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001). "While Plaintiffs are in no way required to prove their case, by the same token they cannot avoid a finding of fraudulent joinder by asserting a mere hypothetical possibility of a cause of action against the resident defendant." *Higley v. Cessna Aircraft Co.,* No. CV 10-3345-GHK, 2010 WL 3184516, at *2 (C.D. Cal. July 21, 2010) (quotations and citation omitted).

17. The Ninth Circuit has made clear that "[w]here fraudulent joinder is an issue . . . '[t]he defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent.'" *Ritchey*, 139 F.3d at 1318 (quoting *McCabe*, 811 F.2d at 1339, and *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97 (1921)). Thus, "[f]raudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony." *Morris*, 236 F.3d at 1068 (citation omitted); *Ritchey,* 139 F.3d at 1318 ("If we had been required [in *McCabe*] to look at facts outside of the complaint to decide that issue, we would have done so."); *McCabe*, 811 F.2d at 1339 (considering sworn declarations in determining fraudulent joinder issue).

18. Numerous courts within the Ninth Circuit and this district have held that a co-defendant is fraudulently joined where the claims against it are barred by the statute of limitations. *See Ritchey,* 139 F.3d at 1320 (holding that claims against co-defendants were barred by California statute of limitations, which "demonstrates

beyond peradventure that they were sham defendants for purposes of removal"); *see also Joseph v. Kaye*, No. 16-01245 SJO (GJSX), 2016 WL 3677142, at *5 (C.D. Cal. July 7, 2016), *aff'd*, 692 F. App'x 370 (9th Cir. 2017) (finding defendant was fraudulently joined based on res judicata and statute of limitations); *Gilliam v. Bank of Am., N.A.*, No. SACV171296DOCJPRX, 2017 WL 4443263, at *3 (C.D. Cal. Oct. 5, 2017), *aff'd,* 820 F. App'x 587 (9th Cir. 2020); *Jacobs v. Philip Morris Inc.*, No. CV03-5087 ABC (AJWX), 2003 WL 23342334, at *7 (C.D. Cal. Sept. 4, 2003) (denying remand where claims against non-diverse defendant were time-barred).

19. The single claim asserted here against Mr. Basra is Count IV for negligent misrepresentation. Under California law, a claim for negligent misrepresentation is barred by a two-year statute of limitations "where the allegations amount to a claim for professional negligence." *Hydro-Mill Co. v. Hayward, Tilton & Rolapp Ins. Assocs., Inc.* 115 Cal. App. 4th 1145, 1155 (2004) (citing Cal. Code Civ. Proc. § 339); *see also Ventura County Nat'l Bank v. Macker*, 49 Cal. Appl. 4th 1528, 1531 (1996) (holding that "in an action against accountants for negligent misrepresentation, the statute of limitations is two years"); *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.,* 522 F.3d 1049, 1054 (9th Cir. 2008) ("For negligent misrepresentation, there is a two-year statute of limitations.").

20. That is precisely the type of claim Plaintiffs have alleged here against Mr. Basra. Plaintiffs allege, *inter alia*:

- "As professional accountants, VISTRA USA and Basra [sic] express purpose was to audit the consolidated financial statements for DC Solar and the Funds for the benefit of the public and specifically Plaintiffs, to perform those audits in conformance with GAAS and GAAP and the professional standards set forth in VISTRA USA's own audit manuals, and to form and express opinions about whether those consolidated financial statements were presented fairly, in all material respects, in conformity with GAAP." Compl. ¶ 249.

- "VISTRA USA and Basra were grossly negligent in obtaining or communicating the false information, including but not limited to in planning, performing and preparing the Radius/VISTRA Audit Reports and Fund Audit Reports . . ." Compl. ¶ 251.
- "VISTRA USA and Basra breached their duty to Plaintiffs." Compl. ¶ 251.

Because Plaintiffs' allegations "show a failure to meet a standard of reasonable care by someone owing a duty of care," the two-year statute of limitations applies to the claim against Mr. Basra for negligent misrepresentation.

21. Facts which these same Plaintiffs alleged in the related state court action (*i.e.* the Original Action) – where they assert the identical causes of action as here against an indirect subsidiary of the Vistra BVI Defendants, Vistra USA – confirm that their sole cause of action against Basra is time-barred. As Plaintiffs there alleged, "[i]n late **December 2018**, the FBI raided DC Solar in connection with an investigation into the fraud" orchestrated by the Carpoffs and others. Wit Decl. Ex 16 (Third Am. Compl. in Original Action) at ¶ 406 (emphasis added). Shortly thereafter, "the United States government disclosed the results of its investigation in **February 2019**," and DC Solar entities filed petitions for relief under Chapter 11 of the United States Bankruptcy Code. *Id.* at ¶¶ 407, 409 (emphasis added). Based on these allegations, Plaintiffs further allege they "did not have knowledge that Defendants violated their duties and causes of action existed against the Defendants [including a cause of action for negligent misrepresentation against Vistra USA] until 2019." *Id.* at ¶ 408.

22. Plaintiffs' causes of action therefore accrued in **February 2019**, at the latest. Because this Removed Action was filed in December 2021, more than two years after February 2019, Plaintiffs' sole cause of action against Mr. Basra has expired. And because the sole claim against Mr. Basra is time-barred based on Plaintiffs' own allegations and admissions in their original state court action, Mr.

Basra is fraudulently joined as a matter of law, and his citizenship therefore does not defeat jurisdiction based on diversity of citizenship.

### III. THE VISTRA BVI DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

23. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days of service of the summons and Complaint upon the Vistra BVI Defendants, which occurred on February 10, 2022 via the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil or Commercial Matters, Article 5, subparagraph (a). Wit Decl. Exs. 17, 18.

24. Mr. Basra is not required to join in or consent to removal since he is alleged to be fraudulently joined. *See* 28 U.S.C. § 1446(b)(2)(A); *see also Baker v. Wells Fargo Bank, N.A*., No. 1:16 Civ. 01943, 2017 WL 931879, at *3 (E.D. Cal. Mar. 9, 2017) ("the general requirement of consent does not apply to 'nominal, unknown, or fraudulently joined parties'"). Nonetheless, Mr. Basra consents to the removal on the basis that the only claim against him is barred by the statute of limitations and he is fraudulently joined.

25. The Vistra BVI Defendants similarly need not obtain consent for removal from Does 1-10. *See* 28 U.S.C. § 1441(b)(1); *Tatevossian v. Wells Fargo Bank,* No. CV 16-03135, 2016 WL 4367235, at *3 (CD. Cal. Aug. 12, 2016) (explaining "Doe Defendants" need not consent to removal).

26. This action, filed in the Superior Court of California, County of Los Angeles, is being removed to the district and division embracing the place where the action is pending. *See* 28 U.S.C. § 1441(a).

27. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served on the Vistra BVI Defendants, which papers include the Complaint, are attached collectively to the Declaration of Terry L. Wit, filed concurrently herewith.

28. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for the Plaintiffs and a copy is being filed with the Clerk of the Superior Court of California, County of Los Angeles.

29. No previous application has been made for the relief requested herein.

* * *

WHEREFORE, the Vistra BVI Defendants respectfully remove this action from the Superior Court of California, County of Los Angeles, bearing number 21STCV46162, to the United States District Court for the Central District of California.

DATED: March 14, 2022

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: /s/ Terry Wit

Terry L. Wit (Bar No. 233473)
terrywit@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6331
Facsimile: (415) 875-6700

Karen Bobrow (Bar No. 280367)
karenbobrow@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Vistra Group Holdings (BVI) Limited, Vistra Group Holdings (BVI) I Limited. and Indervir Basra*

-11-
NOTICE OF REMOVAL